**Order filed February 6, 2014**



**In The**

# Eleventh Court of Appeals

———————

**No. 11-12-00361-CR**

———————

**GERTRUDEZ MORALES LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR16-889**

**O R D E R**

Gertrudez Morales Lopez,[1] Appellant, pleaded guilty on August 28, 2003, to felony driving while intoxicated. In accordance with a plea agreement, the trial court assessed Appellant's punishment at confinement for a term of seven years and a fine of $2,000, suspended the imposition of the confinement portion of the sentence, and placed Appellant on community supervision for a term of seven

---

[1]We note that some of the documents in the record indicate that Appellant's first name is spelled "Gertrudiz."

years. The trial court subsequently extended the term of community supervision by adding one year.

On August 19, 2011, the State filed a motion to revoke community supervision in which it alleged that Appellant had violated the terms and conditions of his community supervision by failing numerous times to report, failing to pay his fine, and failing to pay the community supervision fee. The trial court considered the motion at a hearing conducted on December 11, 2012. Appellant pleaded "not true" to all of the alleged violations and asserted that he was indigent. At the conclusion of the hearing, the trial court found that Appellant had failed to report during eleven different months and that Appellant had failed to pay a portion of his fine and fees. The trial court revoked Appellant's community supervision and assessed his punishment at confinement for a term of three years. We abate the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has not filed a response.[2] It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

---

[2]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous and without merit. We are of the opinion that there are arguable grounds for an appeal. We note that trial counsel lodged hearsay objections to the testimony presented at the revocation hearing, that the State presented no evidence of ability to pay, and that the trial court placed the burden of proving inability to pay upon the defendant. *See* TEX. R. EVID. 803(6); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2013).

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before February 27, 2014. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

February 6, 2014                                         PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.